UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

GRANT LEON TURNER,
  *Defendant-Appellant.*

No. 02-4047

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-209)

Submitted: June 13, 2002

Decided: June 21, 2002

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Benjamin D. Porter, MORROW, ALEXANDER, TASH, KURTZ &
PORTER, Winston-Salem, North Carolina, for Appellant. Anna Mills
Wagoner, United States Attorney, Robert A.J. Lang, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Grant Leon Turner appeals his convictions and sentence for possession of a firearm by a convicted felon and retaliating against a witness, victim or informant. On appeal, he argues that (1) the district court erred in publishing to the jury a transcript of a recording admitted into evidence and (2) the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by sentencing him as an armed career criminal under 18 U.S.C. § 924(e) (1994) even though the issue of his prior convictions was not submitted to the jury. We affirm.

Whether to allow the use of transcripts to aid in the presentation of tape-recorded evidence is within the district court's sound discretion. *United States v. Collazo*, 732 F.2d 1200, 1203 (4th Cir. 1984). Here, the transcript was properly authenticated, and the district court appropriately instructed the jury that the transcript was not evidence, that the list of speakers in the transcript was not proof as to the identity of the speakers, and that any inconsistencies between the transcript and the recording should be resolved in favor of the recording. As such, we find no abuse of discretion. *Id.* (noting that cautionary instructions "cured any prejudice that might have resulted from discrepancies between tape and transcript"); *United States v. Clark*, 986 F.2d 65, 69 (4th Cir. 1993) (holding that trial court did not abuse its discretion in admitting a transcript of a recording even though defense counsel did not stipulate to its accuracy).

Next, we have recently held that prior convictions that qualify the defendant for an armed career criminal sentence need not be charged in the indictment and proved beyond a reasonable doubt. *United States v. Sterling*, 283 F.3d 216, 220 (4th Cir. 2002) (holding that *Apprendi* did not affect enhanced sentence under § 924(e)). We decline Turner's invitation to reconsider *Sterling*.

Accordingly, we affirm Turner's convictions and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*